UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT SWAIN | : | |
| | : | |
| Petitioner, | : | |
| | : | PRISONER |
| V. | : | CASE NO. 3:08-CV-1394(RNC) |
| | : | |
| PETER MURPHY | : | |
| | : | |
| Respondent. | : | |

RULING AND ORDER

Petitioner, a Connecticut inmate, brings this action under
28 U.S.C. § 2254 seeking a writ of habeas corpus.  The petition
challenges the validity of judgments of conviction entered in
several different proceedings.  Respondent has moved to dismiss
the petition on the ground that petitioner has failed to exhaust
state court remedies with regard to some of his claims.
Ordinarily, a federal district court may not consider a state
prisoner's petition for a writ of habeas corpus unless he has
exhausted state court remedies by presenting the substance of his
claims to each level of the state courts.  28 U.S.C. §
2254(b)(1); Rose v. Lundy, 455 U.S. 509, 510 (1982).  In response
to the motion to dismiss, petitioner contends that the exhaustion
requirement should be excused because of inordinate delay in
processing his state habeas petition.  I conclude that petitioner
should not be excused from satisfying the exhaustion requirement.
Accordingly, the motion to dismiss is granted.

I.  Background

In 2004, petitioner was convicted of sexual assault and related crimes in a joint trial of two cases involving different victims ("the 2004 convictions").  On direct appeal, he claimed that the trial court erred in denying his motion to sever the two cases and excluding certain impeachment evidence.  He also claimed that the prosecutor engaged in misconduct during closing argument.  In 2007, the Appellate Court affirmed, State v, Swain, 101 Conn. App. 253 (2007), and the Supreme Court denied a petition for certification to appeal.  State v. Swain, 283 Conn. 909 (2007).

In January 2005, not long after the direct appeal was initiated, petitioner filed a state habeas petition alleging ineffective assistance of counsel.[1]  The habeas court appointed a lawyer to represent the petitioner in March 2005, but the habeas case remained inactive until after the affirmance of the 2004 convictions on direct appeal.  In July 2007, the habeas court issued a scheduling order.  Over the course of the next two years, petitioner's lawyer requested and received four continuances.  The petition was amended a final time in April

---

[1]  In Connecticut, a prisoner ordinarily is not allowed to file a habeas petition challenging his conviction until after the direct appeal has been decided. Wojculewicz v. Cummings, 143 Conn. 624, 628 (1956).  However, an exception applies to a habeas petition alleging ineffective assistance of counsel, which can be pursued simultaneously with an appeal. State v. Leecan, 198 Conn. 517, 541-42 (1986).

2009.  A trial was held in September 2009.  The court heard
testimony from the petitioner, his defense counsel and an expert
in criminal defense.  On October 2, 2009, the court denied the
petition on the merits on the ground that petitioner had failed
to sustain his burden of proof.  See Swain v. Commissioner, No.
CV54000294, 2009 WL 3645435 (Conn. Super. Oct. 2, 2009).  The
habeas court subsequently denied petitioner's request for
certification to appeal.  Petitioner has yet to appeal the denial
of certification, but his request for leave to appeal without
payment of fees has been granted.

The present federal habeas petition was signed and submitted
for filing in July 2008.  As amended in January 2009, the
petition contains the claims that were presented to the Appellate
Court on the direct appeal from the 2004 convictions, plus a
claim for ineffective assistance of counsel that includes
allegations presented to the state habeas court.  The petition
also contains claims that have not been presented to any state
court.  Some of these new claims relate to the 2004 convictions.
Others relate to convictions arising from subsequent state court
proceedings in which petitioner pleaded guilty to failing to
register as a sex offender and unlawful restraint ("the other
convictions").

II.  Discussion

    A.  The 2004 Convictions

3

Respondent concedes that petitioner's direct appeal served to exhaust some of the claims in the present petition regarding the 2004 convictions, specifically, the claims regarding the trial court's refusal to sever the two cases and its exclusion of impeachment evidence and the prosecutor's conduct during closing argument. Respondent contends, however, that other claims in the petition regarding these convictions have not been exhausted. These claims concern the prosecutor's alleged withholding of exculpatory evidence, the admissibility of the testimony of a prosecution witness, the adequacy of the jury instructions, petitioner's alleged innocence and the performance of his defense counsel. I agree with respondent that none of these claims has been exhausted.

Petitioner argues that his failure to exhaust should be excused because his state habeas petition languished for three and a half years before he filed the present petition. In addition, he argues that his failure to exhaust should be excused because his appointed counsel in the state habeas proceeding allegedly deleted a number of claims from his original petition. Neither argument provides a basis for dispensing with the exhaustion requirement in this case.

1. <u>Inordinate Delay</u>

A federal district court may grant habeas relief to a state prisoner on a claim that has not been exhausted in state courts

if circumstances exist that render the state process "ineffective to protect the rights of the [petitioner]." 28 U.S.C. § 2254(b)(1)(B)(ii).  Inordinate delay by the state in processing a habeas claim may render the state remedy ineffective.  See Chowlewinski v. Armstrong, No. 3:98CV1964(SRU), 2000 WL 303252,*3 (D. Conn. Feb. 16, 2000)(citing cases).  In deciding whether delay has rendered a state remedy ineffective, a federal court will consider the status of the state proceeding.  See United States ex re. Goodman v. Kehl, 465 F.2d 863 (2d Cir. 1972).  Delay in processing a state habeas petition may be insufficient to justify dispensing with the exhaustion requirement if a hearing has been held and a ruling has been issued.  See Cristin v. Brennan, 281 F.3d 404, 411 (3rd Cir. 2002).

     In this case, the delay petitioner encountered in the processing of his state habeas petition before coming to federal court was substantial.  Cf. Simmons v. Reynolds, 898 F.2d 865, 870 (2d Cir. 1990)(three or four year delay in processing state prisoner's direct appeal may justify resort to federal court).  But petitioner has not shown that the delay he experienced is fairly charged against the state, that he complained about the delay to the state court or sought an expedited hearing, or that the delay has impaired his ability to prove his claims.  More to the point, the state habeas proceeding has gone to trial and a decision has been issued on the merits.  When a previously-

stalled state habeas proceeding has come to life and progressed this far, it is appropriate for a federal court to give the state appellate courts an opportunity to hear the claims in the first instance.  <u>See</u> <u>Wallace v. Dragovich</u>, 143 Fed. Appx. 413, 418-19 (3rd Cir. July 22, 2005).

    2. <u>Deletion of Claims</u>

Petitioner's argument that he should be excused from exhausting some of his unexhausted claims because his state habeas counsel deleted them from the original state habeas petition is unavailing.  Petitioner's bare assertion that claims were deleted by his lawyer does not provide a sufficient basis for dispensing with the exhaustion requirement.  Even assuming petitioner could prove that some claims were deleted over his objection, he cites no case excusing exhaustion on this ground.  Moreover, he has not shown that the state courts would refuse to consider his claims if they were presented in a new habeas proceeding.

    3. <u>Mixed Petition</u>

A state prisoner who brings a "mixed petition" under § 2254 - one containing both exhausted and unexhausted claims - may be granted a stay on the exhausted claims while he returns to state courts to litigate the unexhausted claims or he may withdraw the unexhausted claims and proceed on the exhausted claims only.  <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005).  A stay is properly

granted to allow a state prisoner to satisfy the exhaustion requirement when dismissal of the entire petition could result in the claims being time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  See <u>Zarvela v. Artuz</u>, 254 F.3d 374, 381-82 (2d Cir. 2001).

In this case, petitioner's state habeas proceeding, filed before the conclusion of his direct appeal, is still technically pending.  As a result, the one-year limitation period for filing a federal habeas petition has not begun to run or, if it has (due to petitioner's failure to appeal the state habeas court's decision denying certification to appeal), petitioner still has ample time remaining on the one-year clock, which will stop running when he appeals the decision of the state habeas court (if he is permitted to do so) or files a new state petition.  <u>See</u> 28 U.S.C. § 2244(d)(2)(one-year limitation period is tolled while properly filed application for state post-conviction relief is pending).  Accordingly, there is no need for a stay.

B.  <u>The Other Convictions</u>

Petitioner's claims regarding his convictions for failing to register as a sex offender and unlawful restraint must be dismissed because they are required to be brought separately. <u>See</u> Rule 2(e) of the Rules Governing Section 2254 Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or

judgments of each court."). Before refiling these claims in separate petitions, petitioner must be sure to comply with the requirement that he exhaust state court remedies with regard to these convictions. Based on the record before the Court, none of the claims regarding these convictions has been exhausted. In addition, petitioner must be sure to comply with the one-year statute of limitations for filing federal habeas petitions. See 28 U.S.C. § 2244(d)(1). It is possible that the one-year period has expired with regard to these convictions. However, because none of petitioner's claims regarding these convictions has been exhausted, dismissal is required.

III. Conclusion

Accordingly, the motion to dismiss is hereby granted and the petition is dismissed without prejudice. With regard to the 2004 convictions, petitioner has two options. He can return to state court, exhaust his state court remedies as to any claims he wishes to raise in federal court, then move to reopen this case. Alternatively, he may now file a motion to reopen accompanied by an amended petition that contains only his currently exhausted claims. Petitioner is warned, however, that if he decides to immediately file an amended petition, omitting his unexhausted claims, he may be precluded from obtaining federal review of the unexhausted claims at a later time. See 28 U.S.C. § 2244(b);

<u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991).[2]

Reasonable jurists would not find it debatable that the petition should be denied, so a certificate of appealability will not issue.

The Clerk is directed to enter judgment and close the case.

So ordered this 26th day of March 2010.

_____
/s/RNC
Robert N. Chatigny
United States District Judge

_____

[2] A comparison of the present petition with the second amended state habeas petition shows that numerous claims of ineffective assistance of counsel presented here have not been presented to the state habeas court.  These include claims that petitioner's defense counsel failed to use exculpatory evidence such as DNA, police reports, call summary reports and forensic testing; failed to move for dismissal based on exculpatory evidence; failed to properly argue the motion to sever; failed to retain a forensic expert; failed to properly argue a suppression motion relating to an unrelated sexual assault; failed to object to the prosecutor's closing argument; failed to recognize a jury falsity issue; failed to move for acquittal; and was disloyal.  Because these claims do not appear in the second amended state habeas petition, they will remain unexhausted even if petitioner exhausts the claims presented there.  In order to properly exhaust these claims, petitioner must file a new state habeas petition.